UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MARIO ANTON LEE**  **DOCKET NO. 2:25-cv-0159**
**B.O.P. # 21047-001**  **SECTION P**

**VERSUS**  **JUDGE JAMES D. CAIN, JR.**

**WARDEN FCI OAKDALE**  **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Mario Anton Lee. Doc. 1. Lee is an inmate in the custody of the Bureau of Prisons ("BOP"), currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

### I.    BACKGROUND

Petitioner claims that BOP has miscalculated his earned good time credits and, as a result, he is entitled to immediate release. Petitioner concedes that he has not fully exhausted his administrative remedies, but argues that as his release date has passed, exhaustion would be futile.

### II.   LAW & ANALYSIS

*A. Screening of Habeas Corpus Petitions*

A district court may apply any or all the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary

review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Exhaustion

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson,* 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court thus has no authority to designate or calculate credit for time spent in jail prior to the commencement of a federal sentence. *See, e.g., Wilson,* 112 S.Ct. at 1353–54. A district court may review a challenge to the BOP's refusal to grant credit for time served or make a nunc pro tunc designation through a § 2241 petition, but only after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

The BOP, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally

resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*.

Exceptions to the exhaustion requirement apply only in extraordinary circumstances and a § 2241 petition should be dismissed without prejudice when the petitioner fails to exhaust his administrative remedies.[1] *Castano v. Everhart*, 235 Fed. App'x 206, 207–08 (5th Cir. 2007); *see also Pierce,* 614 F.3d at 160 (district court did not have jurisdiction to rule on § 2241 petition before BOP had made determination of petitioner's sentencing credit). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures*. Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).

The Attorney General has vested the BOP with authority to determine issues related to the manner in which sentences are to be carried out, including the calculation of sentence credits. 28 C.F.R. § 0.96. If the BOP miscalculated petitioner's sentence calculation or release date, it has the authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Further, the fact that a petitioner believes his grievances will be denied does not make the remedy futile. *See Green v. Meese*, 975 F.2d 639, 641

---

[1] The Supreme Court holds that failure to exhaust must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 127 S.Ct. 910 (2007). However, the PLRA does not apply to federal habeas proceedings and nothing in *Jones* prohibits the sua sponte dismissal of a § 2241 petition of exhaustion grounds. *See, e.g., Callahan v. Young*, 2013 WL 3346842 at *2 n. 2 (W.D. La. Jul. 2, 2013); accord *Wy v. Berkebile*, 2008 WL 5262711 at *2 n. 2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008)).

(7th Cir. 1989) ("No doubt that denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion").

Petitioner filed a grievance with the warden, which was denied on January 24, 2025. Doc. 1-2, p. 2. The exhibits attached to his petition establish that he has not exhausted the available administrative remedies. Doc. 1-2, pp. 3-4. Instead, he requests immediate relief, asserting exhaustion would be futile because if he is awarded the credits sought in this petition, he would then be past his release date. *Id*. A review of the Federal Bureau of Prisons' website reveals petitioner's release date is currently October 1, 2026. *See* https://www.bop.gov/inmateloc/. Thus, petitioner currently has not been held past his release date. The Bureau of Prisons should be provided an opportunity to review petitioner's claim. Therefore, because petitioner seeks return of his credits, exhaustion is not futile. *See Hernandez v. Jones*, 2019 U.S. Dist. LEXIS 118147 (E.D. Tex. April 12, 2019); *Bringas v. Gillis*, Civil Action No. 5:19-cv-14-DCB-MTP, 2020 U.S. Dist. LEXIS 252304, 2020 WL 8993116, at *2 (S.D. Miss. Dec. 10, 2020) (holding that petitioner's assertion that exhaustion would take "too long" did not demonstrate that the administrative remedies are unavailable or futile), *report and recommendation adopted by*, Civil Action No. 5:19-CV-14-DCB-MTP, 2021 U.S. Dist. LEXIS 56785, 2021 WL 1151532 (S.D. Miss. Mar. 25, 2021); *Fernandez v. Warden*, *FCI Ft. Dix*, Civil Action No. 24-9014 (KMW), 2024 U.S. Dist. LEXIS 191541, 2024 WL 4542198, at *2 (D.N.J. Oct. 21, 2024) ("Petitioner's speculation that he would not receive relief or that it would take too long to exhaust his claims does not make the exhaustion process futile - the process would still serve the valid purpose of producing a record for review and in any event would have permitted Petitioner to dispute any factual issues he may have had."). Accordingly, the petition should be dismissed without prejudice.

### III.  CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**IT IS FURTHER RECOMMENDED** that all pending motions, including Petitioner's Motion for Issuance of Show Cause Order [Doc. 4], Petition[/Motion] for and [sic] Evidentiary Hearing "In the Interest of Justice" [Doc. 5], Petition[/Motion] for Immediate Release Bond/Bail Pending the Resolution Pursuant to 28 U.S.C. 2241, 2243 "In the Interest of Justice" [Doc. 6], and Petition[/Motion] for Appointment of Counsel Pursuant to 18 U.S.C. 3006A "In the Interest of Justice" [Doc. 7], be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 17th day of September, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE